Jodi K. Swick No. 228634
John T. Burnite No. 162223
**McDOWELL HETHERINGTON LLP**
1999 Harrison St, Suite 2050
Oakland, CA 94612
Telephone: 510.628.2145
Facsimile: 510.628.2146
Email: jodi.swick@mhllp.com
john.burnite@mhllp.com

Colleen T. Flaherty No. 327563
**McDOWELL HETHERINGTON LLP**
1055 E. Colorado Blvd., Suite 500
Pasadena, California
Telephone: 213.631.4059
Facsimile: 510.628.2146
Email: colleen.flaherty@mhllp.com

Attorneys for Plaintiff
VEGETABLE JUICES, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| VEGETABLE JUICES, LLC,<br><br>  Plaintiff,<br><br>  v.<br><br>HALIBURTON INTERNATIONAL FOODS, INC.,<br><br>  Defendant. | Case No.<br><br>VEGETABLE JUICES, LLC's COMPLAINT |

For its Complaint against Haliburton International Foods, Inc. ("HIF"), Plaintiff Vegetable Juices, LLC, f/k/a Vegetable Juices, Inc. (collectively "VJI") alleges as follows:

**PARTIES**

1. VJI is an Illinois limited liability company organized pursuant to the laws of Illinois and with its principal place of business in Bedford Park, Illinois. VJI, as an Illinois limited liability corporation, is a citizen of every state of which its members are citizens. *See*, *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). The

sole member of VJI is Givaudan Flavors Corporation, a Delaware corporation, organized pursuant to the laws of Delaware and with its principal place of business in Cincinnati, Ohio. VJI manufactures and sells food products, including purees, juices and sauces.

2. HIF is a California corporation, organized pursuant to the laws of California and with its principal place of business in Ontario, California. HIF is a manufacturer of various food products.

**JURISDICTION AND VENUE**

3. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332 because VJI and HIF are residents of citizens of different states and the amount in controversy is in excess of $75,000.

4. Venue is proper in this Court, pursuant to 28 U.S.C. § 1391(b), because HIF resides in this judicial district and a substantial part of the events giving rise to the Complaint took place within this District.

**FACTS COMMON TO ALL CLAIMS**

5. VJI and HIF entered into an Asset Purchase Agreement (the "Agreement") dated as of August 22, 2017.

6. Under the terms of the Agreement, VJI acquired certain assets of HIF, including but not limited to, production equipment, information regarding HIF's production methods, customer lists and the good will associated with the business lines VJI acquired ("Acquired Assets").

7. Under the terms of the Agreement, payment for the Acquired Assets was to be made in stages with a Closing Payment, a separate Business Technology Payment and a Production Equipment Relocation Payment. VJI made all of these payments in a timely manner.

8. The Agreement also identified a potential Total Revenues Payment contingent upon HIF reaching certain revenue targets between July 1, 2017 and the date prior to closing on the Agreement ("the Lookback Period").

Case No.
VEGETABLE JUICES, LLC's COMPLAINT

9. Under the formula set forth in the Agreement for the Total Revenues Payment, revenue from the Acquired Assets under $10,000,000 would result in no payment. Revenues between $10,000,000 and $11,999,000 would result in a $2,500,000 payment. Revenues of $12,000,000 or more during the Lookback Period would result in a payment of $5,000,000.

10. The purpose of the Total Revenues Payments was to memorialize the real value of the Acquired Assets and to reward HIF for maintaining ties with and transferring its relationships with its customers to VJI. Meeting this purpose required that all revenue from the Acquired Assets accrued during the Lookback Period be from saleable product.

11. Until late in the Lookback Period for calculation of the Total Revenues Payment, it appeared HIF would not meet the threshold because of lower than anticipated sales from the Acquired Assets.

12. In the last month before the end of the Lookback Period for calculation of the Total Revenues Payment, HIF received four orders from a company called Fortun Foods for nearly $900,000 of product. The sales ostensibly brought HIF's sales from the Acquired Assets accrued during the Lookback Period above the $10 million threshold for the Total Revenues Payment. Without the sales to Fortun Foods, HIF would not have qualified for any Total Revenues Payment.

13. HIF provided VJI with certificates of analysis ("COAs") that showed that the product ostensibly sold by HIF to Fortun Foods was within its expiration date and thus saleable. VJI had no ability to determine whether product was relabeled and no basis for doubting, let alone disputing, the dates on the COAs.

14. Having no reason to doubt the veracity of HIF's representations, VJI paid HIF $2,500,000 based on the formula set forth for Total Revenues Payments in the Agreement.

15. In late December, 2020, VJI was served with a document subpoena for documents by a former HIF employee named Richard Marasco who VJI subsequently became aware was engaged in civil litigation with HIF.

Case No.
VEGETABLE JUICES, LLC's COMPLAINT

16. In the course of responding to the document subpoena, VJI became aware that Marasco alleged that HIF, through its chief executor officer, Ian Schenkel, had fabricated sufficient sales necessary to trigger the Total Revenues Payment by colluding with Fortun Foods to transfer expired and out-of-date inventory in a series of sham sales.

17. Prior to receipt of the subpoena and subsequent investigation, VJI was totally unaware of any possibility that HIF did not, in fact, earn the Total Revenues Payment.

18. Upon lengthy investigation, VJI confirmed, to the best of its ability, that most if not all of the sales to HIF to Fortun Foods were sham transactions calculated to trigger the Total Revenues Payment and were not, in fact, genuine sales.

19. The fabrication of sales to induce VJI to make a $2,500,000 Total Revenues Payment to HIF violated both the letter in spirit of the Agreement, misrepresented the true enterprise value of the Acquired Assets and caused damage to VJI.

20. Upon completion of its investigation in November, 2022, VJI made demand upon HIF to return the wrongfully obtained Total Revenues Payment. As of the date of this Complaint, HIF has refused to do so.

## **FIRST CLAIM FOR RELIEF**
## **(Fraud)**
## **(Cal. Civ. Code § 1709)**

21. VJI incorporates the allegations contained in paragraphs 1 through 20 of the Complaint as if fully restated.

22. HIF falsely represented to VJI that reported sales to Fortun Foods were legitimate arm's length transactions involving saleable unexpired products through sales figures reported through May and June, 2018.

23. HIF's representations of its sales figures were material to the relationship between VJI and HIF because HIF's sales controlled whether a Total Revenues Payment was due.

24. HIF misrepresented its sales figures knowing they were false and with the intention of deceiving VJI.

25. HIF intended for VJI to rely on its misrepresentations regarding the nature of the reported sales to Fortun Foods in the hopes of inducing VJI to make a Total Revenues Payment that was not due and owing.

26. VJI relied to its detriment on the representations of HIF and paid $2,500,000 dollars that were not owing to HIF.

27. The actions and conduct of HIF were despicable, and were done with a willful and conscious disregard of VJI's rights, and were done with the intent to vex, defraud, injure, or annoy VJI, so as to constitute oppression, fraud, and/or malice under California Civil Code Section 3294, entitling VJI to punitive damages in an amount to be determined at trial. HIF's conduct was committed by, authorized by and/or known by and approved or adopted by one or more officers, directors, or managing agents of HIF.

## SECOND CAUSE OF ACTION

### (Breach of Implied Covenant Of Good Faith And Fair Dealing)

28. VJI incorporates the allegations contained in paragraphs 1 through 20 of the Complaint as if fully restated.

29. The Agreement contained an implied promise of good faith and fair dealing by HIF in executing its obligations under the Agreement such that HIF would not do anything to unfairly interfere with the right of VJI to receive the benefits of the Agreement.

30. VJI fulfilled all of its obligations under the Agreement required to trigger HIF's performance obligations.

31. HIF's false reporting of its sales figures and its misrepresentation of sales counting towards the Total Revenues Payment prevented VJI from receiving the benefit of its bargain with HIF as outlined in the Agreement.

32. HIF's conduct breached its obligation to act fairly and in good faith in the performance  of the Agreement.

33. VJI was damaged by HIF's breach of the implied covenant of good faith and fair dealing in an amount to be proven at trial.

Case No.

VEGETABLE JUICES, LLC's COMPLAINT

# THIRD CAUSE OF ACTION

## (Unfair Competition)

## (Cal. Business and Professional Code § 17200)

34. VJI incorporates the allegations contained in paragraphs 1 through 20 of the Complaint as if fully restated.

35. HIF's conduct in misrepresenting its sales to VJI constitutes an "unlawful, unfair or fraudulent business act" as defined by Cal. Business and Professional Code § 17200.

36. Specifically, HIF's conduct was unlawful and unfair as it constituted fraud calculated to induce VJI to pay a Total Revenues Payment that was not due.

37. VJI was likely to be damaged and was, in fact, damaged by HIF's misrepresentation of its sales.

38. As a consequence of HIF's conduct, VJI is entitled to relief necessary to restore the Total Revenues Payment wrongfully solicited by HIF's unlawful, unfair and fraudulent conduct.

WHEREFORE, Plaintiff Vegetable Juices, LLC respectfully demands relief as follows:

1. Compensatory damages, including interest;

2. Punitive damages for HIF's fraudulent conduct;

3. Equitable relief to restore VJI to the position it would be in had HIF not misrepresented its sales figures.

4. Any and all further relief that is just and proper which the Court finds VJI is entitled.

Dated: August 14, 2023                McDOWELL HETHERINGTON LLP

By: _____
        Jodi Swick
        John Burnite

Attorneys for Plaintiff
VEGETABLE JUICES, LLC

**Case No.**
VEGETABLE JUICES, LLC's COMPLAINT